# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE G. GRAY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CV1059 AGF |
| THE OUTSOURCE GROUP, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). To state a viable claim for relief, a civil rights plaintiff must plead facts, not conclusions, to support his causes of action. E.g., Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir.

2009) (en banc). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." Id. (quotations and citation omitted).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1981. Plaintiff alleges that he was denied employment at The Outsource Group ("Outsource") because he is an African-American male. Plaintiff claims that in 2007 defendant terminated his employment after one day because he provided an inaccurate background check that failed to show he was on probation. Plaintiff says he received an email from defendant that shows he was intentionally discriminated against. According to plaintiff, the email reads,

> He would not need to re-apply if he provides us with updated information that indicates the results were inaccurate and he does not have a felony conviction (within two weeks). I seriously doubt that is possible given his record clearly indicates a felony for stealing. I typically provide up to 30 days or he would need to re-apply.

Complaint at 2 (emphasis removed).

After plaintiff completed probation, he repeatedly applied for a job with defendant. Plaintiff says that when he called Outsource to inquire about the status of his applications, he was told not to call because everything was done online.

Plaintiff filed an EEOC charge in 2013. He claims that Outsource told the EEOC he was not qualified for a position there because of insufficient work history.

## Pending Litigation Against Outsource

On December 19, 2013, plaintiff filed a Title VII complaint against Outsource based on the same set of facts as those alleged in the instant § 1981 action. Gray v. The Outsource Group, 4:13CV2537 TCM (E.D. Mo.). On April 21, 2014, plaintiff filed a motion for leave to amend in that case. The basis for the motion to amend was the email quoted above. On May, 7, 2014, Judge Mummert denied the motion to amend as futile. Plaintiff filed the instant case thirty days later.

## Discussion

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982). The complaint fails to state a claim upon which relief can be granted because it completely lacks any factual allegations that demonstrate intentional race discrimination. The complaint is replete with conclusory statements, which are not entitled to a presumption of truth. And plaintiff's disparate impact claims fail because § 1981 only protects against intentional discrimination. As a result, the complaint must be dismissed under § 1915(e).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. The

facts and circumstances surrounding the filing of this case suggest that plaintiff's motives are malicious. This action is duplicative of the case pending before Judge Mummert. Plaintiff's basis for this action is the same for which he requested leave to amend in the earlier case. Plaintiff was aware that the proposed amendment was futile when he filed this action. And plaintiff's claims of race discrimination are completely unsupported by factual allegations. Each of these factors, when taken together, suggest that plaintiff is merely attempting to harass Outsource by filing vexatious litigation. The complaint should be dismissed for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed separately.

Dated this 12th day of June, 2014.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE